NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4263
_____

UNITED STATES OF AMERICA

v.

JOSE ALBERTO ROSARIO-MORALES
a/k/a Miguel Hidalgo-Santos
a/k/a Luis Santos

Jose Alberto Rosario-Morales,
                                    Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-16-cr-00240-001)
District Judge: Honorable Eduardo C. Robreno
_____

Submitted Under Third Circuit LAR 34.1(a)
July 13, 2017

Before: MCKEE, AMBRO, and ROTH, Circuit Judges

(Opinion Filed: August 4, 2017)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

AMBRO, Circuit Judge

Jose Rosario-Morales, a citizen of the Dominican Republic, pled guilty to illegal reentry in the United States after being previously removed, in violation of 8 U.S.C. § 1326(a) and (b)(2). The suggested Guidelines range for his particular conviction was 15 to 21 months, but the Probation Office determined that an upward variance was warranted given that, among other things, Rosario-Morales had repeatedly entered the U.S. illegally, consistently failed to appear at immigration proceedings, and was a fugitive for eight years. The Government thus moved for an unspecified upward variance, and the District Court imposed a sentence of 42 months. Rosario-Morales challenges that his sentence is substantively unreasonable. He argues that, in imposing the sentence with an upward variance, the District Court incorrectly decided that the need to do so was to reflect the seriousness of the offense and promote deterrence. Because the Guidelines range for this offense is designed to accomplish those twin aims, he contends that the upward variance was substantively unreasonable. He is incorrect.

We review a district court's sentencing decision for substantive unreasonableness under an abuse-of-discretion standard. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). "The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc) (citation omitted). "[I]f the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons that the district court provided." *Tomko¸* 562 F.3d at

568.  In evaluating a substantive unreasonableness challenge, we "may not apply a presumption of unreasonableness" if "the sentence is outside the Guidelines range," but instead "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Here, the District Court properly weighed the § 3553(a) factors in imposing a sentence with an upward variance, determining that the Guidelines range insufficiently reflected Rosario-Morales's history of unlawful activity surrounding this particular offense.  Although not convicted, he had illegally entered the United States and had been removed on three previous occasions.  He had not appeared at administrative immigration proceedings twice, leading to his fugitive status that he retained for eight years before the Government finally discovered him.  He also was convicted of a previous drug offense. These are "the nature and circumstances of the offense" and "history and characteristics of the defendant" that § 3553(a) requires a district court to consider at sentencing, permitting it to impose a variance when appropriate.  In light of these factors, we do not think that no reasonable sentencing court would have imposed this sentence for the reasons provided.  *See Tomko*, 562 F.3d at 568.  And although Rosario-Morales insists that the Court impermissibly considered that the current offense involved discovery of a large amount of heroin (for which he was not charged), it stated on the record that it was not taking into account for sentencing purposes the drugs found.

Accordingly, the District Court did not abuse its discretion.  We thus affirm.